THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILBURT MASON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated April 14, 1964, which denied without a hearing his application to vacate a judgment of conviction of the former County Court, Kings County, rendered May 4, 1962 on his plea of guilty, convicting him of robbery in the second degree, unarmed, and sentencing him to serve a term of 7½ to 15 years. Order reversed on the law and the facts,

and proceeding remanded to the Criminal Term, Supreme Court, Kings County, for a hearing upon defendant's application and for further proceedings not inconsistent herewith. In support of this *coram nobis* application the defendant, *inter alia,* alleged: (a) that on or about February 5, 1962 he had moved to discharge his assigned counsel on a ground which, if true, would have warranted his discharge; and (b) that, in response to such motion, the trial court had informed him, the defendant, that he was granted one week to obtain another attorney. The judgment roll before us reflects that thereafter, on February 13, 1962, still represented by the assigned counsel to whom he had objected, the defendant had pleaded guilty to robbery in the second degree, unarmed, after he had admitted his guilt and conceded that his assigned counsel had not "bull-dozed" him into pleading guilty. However, in support of his present application the defendant also alleged, in effect, that the minutes of his guilty plea on February 13, 1962 were incomplete. He claimed that, prior to his plea, he had informed the trial court that he did not have funds to obtain counsel and that, in answer, the Trial Judge stated that he knew defendant's assigned counsel and that the latter would continue to represent him. In opposition to defendant's application, the People relied solely upon the minutes of defendant's plea on February 13, 1962. But the People showed nothing which would disprove defendant's contentions with respect to his motion, made on or about February 5, 1962, to discharge his assigned counsel. Under the circumstances, it is our opinion that the defendant's application raised an issue as to whether his right to assigned counsel, responsibility for whose selection rested solely with the court, had been adequately protected; hence, as to such issue the defendant is entitled to a hearing (*People* v. *Brabson,* 9 N Y 2d 173). Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.