■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE GAINES, Appellant. [622 NYS2d 970] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered November 14, 1991, convicting him of burglary in the second degree, criminal possession of a weapon in the fourth degree, possession of burglar's tools, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court violated his rights by denying his request for a change of his court-appointed counsel, that he was denied a fair trial because of various statements that were made by the prosecutor during her summation, and that his conviction must be set aside because the record contains no reference to a Sandoval hearing.

Under our State and Federal Constitutions, an indigent defendant in a criminal case is guaranteed the right to counsel (People v Koch, 299 NY 378). However, the right of an indigent defendant to the services of a court-appointed lawyer does not encompass a right to the appointment of successive lawyers at the defendant's option (People v Sides, 75 NY2d 822, 824). When good cause exists, the courts are well advised to inquire and, if necessary, to change counsel (People v Medina, 44 NY2d 199, 208). However, such an inquiry is only

required for serious complaints about counsel *(People v Mason,* 22 AD2d 957, 958).

In the present case, no serious complaint about counsel was raised by the defendant. In his request for the appointment of new counsel, the defendant indicated that he wanted new counsel because his attorney was not "representing [him] as far as the things that [he needed] to be said." However, when the court asked the defendant what he wanted to say, he responded only that he wanted a new attorney. This bare request, without more, did not create a duty of inquiry on the part of the trial court. Further, the defendant's request, which was made moments before the commencement of the voir dire of the jury, was clearly a delaying tactic. Thus, the defendant's request was properly denied *(People v Medina, supra,* at 207-208).

With respect to the defendant's contentions regarding the prosecution's summation, any errors in the summation were corrected by curative instructions or by the court's final instructions to the jury. Those instructions established the proper standards to be applied by the jury in rendering its decision and fully explained that the People bore the burden of proving the defendant's guilt beyond a reasonable doubt. In any event, the prosecutor's comments, in the context of the entire summation and, even more, the entire trial, were harmless *(see, People v Galloway,* 54 NY2d 396, 401; *People v Crimmins,* 36 NY2d 230, 241-242).

We decline to address the defendant's contention regarding the *Sandoval* hearing. This Court previously denied the defendant's motion for reconstruction of the *Sandoval* hearing and the defendant's request for leave to appeal from the denial of his CPL 440.10 motion, in which the *Sandoval* issue was raised. Miller, J. P., Thompson, Santucci and Joy, JJ., concur.