Appeal from a judgment of Chautauqua County Court (Ward, J.), entered December 20, 1999, convicting defendant upon a jury verdict of, inter alia, sodomy in the first degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sodomy in the first degree (Penal Law § 130.50 [3]), course of sexual conduct against a child in the first degree (§ 130.75 [1] [a]), and use of a child in a sexual performance (§ 263.05). Contrary to the contention of defendant, County Court did not err in refusing to allow him to present the testimony of certain witnesses in order to impeach the credibility of the victims or to recall the victims to testify in order to impeach their credibility. It is well settled that “a party may not introduce extrinsic evidence on a collateral matter solely to impeach credibility” (People v Alvino, 71 NY2d 233, 247 [1987]; see People v Ferere, 294 AD2d 596 [2002], lv denied 98 NY2d 696 [2002]; People v Blanchard, 279 AD2d 808, 811 [2001], lv denied 96 NY2d 826 [2001]). Contrary to the further contention of defendant, the court did not abuse its discretion in denying his request for an adjournment of sentencing on the ground that defense counsel was experiencing personal problems (see generally People v Singleton, 41 NY2d 402, 405 [1977]; People v Williams, 302 AD2d 903 [2003]). Present—Pigott, Jr., PJ., Pine, Hurlbutt, Kehoe and Hayes, JJ.