■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE STEVENSON, Appellant. [831 NYS2d 74]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered November 15, 2004, as amended November 19, 2004, convicting him of burglary in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

A criminal defendant's right to counsel includes the right to be represented by counsel of his own choosing (*see People v Arroyave,* 49 NY2d 264, 270 [1980]). However, "[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides,* 75 NY2d 822, 824 [1990]). Although a defendant may be entitled to substitute counsel upon a showing of good cause, the application must not be made merely as a dilatory tactic (*see People v Arroyave, supra* at 271). Whether to allow substitution of counsel is largely within the discretion of the trial court (*see People v Linares,* 2 NY3d 507, 510 [2004]; *People v Arroyave, supra* at 271).

In determining whether good cause exists, a trial court "must take into account such circumstances as whether present counsel is reasonably likely to afford a defendant effective assistance and whether the defendant has unduly delayed in seeking new assignment" (*People v Medina,* 44 NY2d 199, 208 [1978]). When a defendant's request on its face suggests a serious possibility of irreconcilable conflict with defense counsel, the trial court is obliged to make some minimal inquiry to determine whether the request has a genuine basis (*see People v Sides, supra* at 824-825). However, such inquiry is not required when

the defendant's request is based on conclusory statements or generalized assertions (*see People v Moore,* 228 AD2d 622 [1996]; *People v Gaines,* 212 AD2d 727, 727-728 [1995]).

Contrary to the defendant's contention, the trial court conducted a sufficient inquiry regarding the basis of his request for new counsel which was made moments before jury selection. Further inquiry was not required because his conclusory assertions did not suggest the serious possibility of a genuine conflict of interest (*see People v Moore, supra; People v Gaines, supra*). Under these circumstances, the trial court providently exercised its discretion in denying the defendant's request (*cf. People v Arroyave, supra* at 271). Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.