■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY MCCLAM, Appellant. [875 NYS2d 568]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Calabrese, J.), rendered September 28, 2006, convicting him of assault in the second degree and resisting arrest, upon his plea of guilty, and imposing sentence The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials and to suppress identification testimony.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the plea is vacated, the denial of those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials and to suppress identification testimony is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendant argues, inter alia, that the Supreme Court improvidently exercised its discretion in denying his request for new assigned counsel.

The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at the defendant's option (*see People v Linares*, 2 NY3d 507 [2004]; *People v Sides*, 75 NY2d 822 [1990]; *People v Stevenson*, 36 AD3d 634 [2007]). Nevertheless, the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing "good cause for substitution" (*People v Linares*, 2 NY3d at 511), such as a conflict of interest or other irreconcilable conflict with counsel (*id.* at 511; *see People v Sides*, 75 NY2d 822 [1990]; *People v Stevenson*, 36 AD3d 634 [2007]). However, such requests may not be used merely to delay the orderly administration of justice, and while they are not to be granted casually, the trial court, in exercising its discretion, must carefully evaluate seemingly serious requests in order to ascertain whether there is indeed good cause for substitution (*see People v Linares*, 2 NY3d 507 [2004]; *People v Sides*, 75 NY2d 822 [1990]; *People v Stevenson*, 36 AD3d 634 [2007]). This is an ongoing duty (*see People v Linares*, 2 NY3d 507 [2004]). In determining whether good cause exists, a trial court must consider the timing of the defendant's request, its effect on the progress of the case, and whether present counsel will likely provide the defendant with meaningful assistance (*id.* at 510; *People v Medina*, 44 NY2d 199, 208 [1978]; *see People v Steven-*

*son*, 36 AD3d 634 [2007]). Good cause determinations are necessarily case-specific and, therefore, fall within the discretion of the trial court (*see People v Linares*, 2 NY3d at 510).

Here, the conflict between the defendant and his assigned counsel began prior to the pretrial suppression hearings, when the defendant first complained about the performance of counsel and requested new assigned counsel. After limited inquiry, during which defense counsel refuted the defendant's contentions concerning the cause of the conflict, the court denied the request, noting that they were on the "eve of the hearing" and that if the defendant "still [felt] that way at the time of trial," the court would hear his request at that time. There followed a series of requests for new assigned counsel, which resulted in several contentious exchanges between the defendant and the court and the defendant's removal from the courtroom on more than one occasion.

Just prior to jury selection, the court denied the defendant's renewed request for new assigned counsel, noting that a *Sandoval* application (*People v Sandoval*, 34 NY2d 371 [1974]) had already been determined and that the "trial [had] technically [begun]."

The relationship between the defendant and counsel reached its nadir during the second day of jury selection, when counsel admitted that he had threatened to punch the defendant in the face in open court during a recess, and stated that the defendant was the absolute worst client he had ever represented, that he did not want to represent the defendant and could not represent him in good faith, and that if his request to be relieved were denied he would seek the intervention of the Administrative Judge, even if it meant being held in contempt. The request was denied. The next day, the defendant pleaded guilty. Prior to the plea, defense counsel represented that he and the defendant had reconciled. However, the defendant, when asked to confirm the representation, initially refused to speak. When pressed by the court, the defendant stated, "I heard you. What can I say?" Thereafter, the defendant, without explanation, and without question or objection from his counsel, insisted on pleading guilty to the charge of resisting arrest, even though that was not a requirement of his plea bargain. During the plea allocution, the defendant was not asked, as is typical, whether he was satisfied with the performance of counsel.

On this record, we conclude that defendant's right to counsel was not adequately protected. Rather, in response to the defendant's seemingly serious requests for a substitution of assigned counsel, the court failed to meets its ongoing duty to

make inquiries sufficient to determine whether there was good cause for the requested substitution (*see People v Brown*, 305 AD2d 422 [2003]). Thus, reversal is warranted. Further, on the record presented, the matter should be restored to pre-suppression-hearing status.

In light of our determination, the defendant's remaining contentions need not be reached. Prudenti, P.J., Ritter, Santucci and Covello, JJ., concur.