■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SMITH, Appellant. [904 NYS2d 416]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered September 11, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him to an aggregate term of five years, unanimously modi-

fied, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

Defendant failed to demonstrate good cause for the assignment of substitute counsel (*see People v Linares*, 2 NY3d 507, 510-511 [2004]; *People v Sides*, 75 NY2d 822, 824 [1990]). "Defendant's unjustified hostility toward his counsel and his disagreements with counsel's tactics did not require substitution" (*People v Walton*, 14 AD3d 419, 420 [2005], *lv denied* 5 NY3d 796 [2005]). Defendant's complaints about his counsel's pretrial performance were generalized and conclusory. Even if, as defendant alleged, counsel once chastised him for making demands that counsel viewed as unreasonable, that incident did not amount to a breakdown of communication. Finally, counsel's permissible defense of his own performance did not create a conflict (*see People v Nelson*, 7 NY3d 883 [2006]).

The court's *Sandoval* ruling struck a proper balance between the probative value of defendant's prior convictions on the issue of credibility and the risk of unfair prejudice (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court properly exercised its discretion when it permitted the People to identify defendant's prior convictions, including drug convictions, and precluded inquiry into their underlying facts.

Defendant did not preserve his claim that the court should have permitted him to cross-examine police witnesses about "substantiated" Civilian Complaint Review Board complaints lodged against them in unrelated cases. While defendant personally expressed some interest in raising this issue, defense counsel never sought to make any such inquiry, and that was a tactical decision normally to be made by counsel (*see People v Ferguson*, 67 NY2d 383, 390 [1986]). In any event, defendant's comments were insufficient to preserve the claims he raises on appeal, particularly with regard to his Sixth Amendment right of confrontation (*see People v Kello*, 96 NY2d 740, 743 [2001]). We decline to review them in the interest of justice. As an alternative holding, we conclude that defendant was not prejudiced by the absence of cross-examination on the unrelated complaints, since they were not material to the officers' credibility. To the extent defendant is claiming his attorney's handling of this issue was ineffective, we reject that claim on this record (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

As the People concede, defendant is entitled to a new sentencing proceeding because the record does not establish that he made a valid waiver of his right to counsel before representing

himself at sentencing (*see People v Arroyo*, 98 NY2d 101, 104 [2002]). Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ.