■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY MANNERS, Appellant. [909 NYS2d 444]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered March 12, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3½ years, unanimously affirmed.

The court properly granted the prosecutor's for-cause chal-

lenge to a prospective juror whose strange responses to the court's and prosecutor's questions cast doubt on his mental competence to serve as a juror, a matter that the trial court was in the best position to evaluate (*see* CPL 270.20 [1] [b]; *People v Maxwell*, 2 AD3d 188 [2003], *lv denied* 1 NY3d 630 [2004]).

We reject defendant's argument that the court failed to make an adequate inquiry into what he characterizes as his implicit request for new counsel, made in the midst of trial. Defendant never sought new counsel, but raised only a concern that counsel was not asking questions defendant wanted asked. The court made an exhaustive inquiry into the disagreement between defendant and counsel, explaining to defendant that certain decisions were for the lawyer, and counsel offered reasonable explanations for choosing not to ask defendant's proffered questions. Thus, to the extent defendant could be viewed as having made an implicit request for new counsel, the court's similarly implicit denial of that request was made after adequate inquiry and was a proper exercise of discretion, since mere disagreements with counsel over strategy are not good cause for substitution (*see People v Linares*, 2 NY3d 507, 511 [2004]). Concur—Tom, J.P., Saxe, Catterson, Renwick and DeGrasse, JJ.