■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS AYUSO, Appellant. [915 NYS2d 149]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered May 8, 2008, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's request to relieve assigned counsel and assign a new attorney. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers

at the defendant's option" (*People v McClam*, 60 AD3d 968, 969 [2009]). "[B]efore substitution of counsel is granted, good cause, such as a conflict of interest or irreconcilable differences, must be demonstrated" (*People v Martin*, 41 AD3d 616, 616 [2007]). In determining whether good cause has been shown, relevant factors include "the timing of the defendant's request, its effect on the progress of the case and whether present counsel will likely provide the defendant with meaningful assistance" (*People v Linares*, 2 NY3d 507, 510 [2004]; *see People v Medina*, 44 NY2d 199, 208 [1978]; *People v Stevenson*, 36 AD3d 634 [2007]).

Here, the Supreme Court conducted a sufficient inquiry regarding the basis of the defendant's request, and no further inquiry was required, as the defendant's assertions did not suggest the serious possibility of a genuine conflict of interest or other impediment to the defendant's representation by assigned counsel. Under these circumstances, the Supreme Court properly denied the defendant's request for reassignment of counsel (*see People v Linares*, 2 NY3d at 511-512; *People v Lopez*, 49 AD3d 899 [2008]; *People v Stevenson*, 36 AD3d at 634-635; *People v Robinson*, 285 AD2d 478 [2001]).

The defendant contends, in his supplemental brief, that the persistent violent felony offender sentencing scheme set forth in Penal Law § 70.08 violates the Sixth Amendment to the United States Constitution, based on the principles enunciated in *Apprendi v New Jersey* (530 US 466 [2000]). That contention is without merit (*see People v Bell*, 15 NY3d 935 [2010]; *People v Leon*, 10 NY3d 122, 126 [2008], *cert denied* 554 US 926 [2008]; *People v Alvarez*, 76 AD3d 1098 [2010]; *People v Caldwell*, 74 AD3d 676 [2010]; *People v Thomas*, 47 AD3d 850, 851 [2008]; *People v David B.*, 14 AD3d 617, 618-619 [2005]; *see also People v Quinones*, 12 NY3d 116, 125-128 [2009], *cert denied* 558 US —, 130 S Ct 104 [2009]; *People v Rivera*, 5 NY3d 61, 67-68 [2005], *cert denied* 546 US 984 [2005]; *Portalatin v Graham*, 624 F3d 69 [2d Cir 2010]). Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.