■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAKIM EDWARDS, Appellant. [920 NYS2d 96]—

The suppression court correctly determined that the police had probable cause to stop the livery cab in question (*see People v Robinson*, 97 NY2d 341 [2001]; *People v Graham*, 54 AD3d 1056 [2008]; *People v Guzman*, 153 AD2d 320 [1990]). Since the stop was lawful, and because a gun was observed in plain view on the floor of the back of the cab where the defendant was seated, the gun was lawfully seized (*see Wong Sun v United States*, 371 US 471, 488 [1963]).

The trial court properly admitted into evidence, at the defendants' trial, testimony by the livery driver that, on the day of the defendant's arrest, the driver did not have discussions with any of the passengers who rode in the cab before the defendant did, about a gun in the back seat area. Despite the defendant's objection, such testimony did not constitute hearsay as there was no "out-of-court statement which [was] offered to prove the truth of its content" (*People v Gibian*, 76 AD3d 583, 596 [2010], citing Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]; *see People v Huertas*, 75 NY2d 487, 491-492 [1990]; *People v Kass*, 59 AD3d 77, 86-87 [2008]).

The defendant's constitutional challenge to the persistent violent felony offender statute is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, is without merit (*see People v Leon*, 10 NY3d 122 [2008], *cert denied* 554 US 926 [2008]; *People v Mendez*, 71 AD3d 696 [2010]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.