■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON STILTS, Appellant. [927 NYS2d 616]—

Memorandum: Defendant appeals from a judgment revoking the term of probation previously imposed upon his conviction of rape in the second degree (Penal Law § 130.30 [1]) and sentencing him to a determinate term of incarceration, following a hearing on the issue whether he violated the conditions of his probation. We reject defendant's contention that County Court erred in denying his request for substitution of counsel. The record establishes that the court "made the requisite inquiry to determine whether defendant had good cause for substitution" (*People v Henderson*, 77 AD3d 1311, 1311 [2010]), and " 'thereafter reasonably concluded that defendant's . . . objections had *no merit or substance*' " (*id.*). The denial of a defendant's request for substitution of assigned counsel does not constitute an abuse of the court's discretion where, as in this case, "tensions between client and counsel on the eve of [a hearing] were the precipitate of differences over strategy" (*People v Medina*, 44 NY2d 199, 208 [1978]; *see People v Shorter*, 6 AD3d 1204, 1205 [2004], *lv denied* 3 NY3d 648 [2004]). We reject defendant's further contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Fahey, Lindley and Martoche, JJ.