# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**149**

**KA 11-00484**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

       V           MEMORANDUM AND ORDER

BOBBY JOHNSON, JR., DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. PETTIT OF COUNSEL), FOR RESPONDENT.

---

  Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered August 21, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (three counts), robbery in the first degree (nine counts), reckless endangerment in the second degree, endangering the welfare of a child and unlawful imprisonment in the second degree (two counts).

  It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

  Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of burglary in the second degree (Penal Law § 140.25 [1] [a], [c], [d]), and nine counts of robbery in the first degree (§ 160.15 [2], [3], [4]). Contrary to defendant's contention, County Court properly exercised its discretion in denying his motion for new assigned counsel on the morning of the commencement of trial inasmuch as defendant failed to establish good cause for a substitution of counsel (*see People v Linares*, 2 NY3d 507, 511). The court conducted the requisite inquiry when defendant made his oral request for substitution of counsel and concluded that defendant's objections were without merit (*see People v Stilts*, 86 AD3d 927, 928, *lv denied* 18 NY3d 886; *see generally People v Sides*, 75 NY2d 822, 825). Good cause does not exist where, as here, "on the eve of trial, disagreements over trial strategy generate discord" (*Linares*, 2 NY3d at 511).

  We reject defendant's further contention that he received ineffective assistance of counsel. Defendant failed to demonstrate that defense counsel's decision not to pursue the affirmative defense of mental disease or defect pursuant to Penal Law § 40.15 was not the result of a " 'well-advised defense strategy' " (*People v Skinner*, 224 AD2d 916, 916, quoting *People v Ford*, 46 NY2d 1021, 1023; *see generally People v Caban*, 5 NY3d 143, 152). Viewing the evidence, the

law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant's contention that the court erred in bifurcating the jury instructions over two days is not preserved for our review because he failed to make a timely objection thereto (*see People v Miller*, 59 AD3d 463, 464, *lv denied* 12 NY3d 856; *People v Graham*, 228 AD2d 299, 299, *lv denied* 88 NY2d 985; *People v Williams*, 206 AD2d 917, 917, *lv denied* 84 NY2d 911).  We reject defendant's contention that the bifurcation of the jury instructions is a mode of proceedings error that does not require preservation.  Defendant's reliance on *People v Fujah* (182 AD2d 774, 775) is misplaced because in that case there was a violation of CPL 260.30 when the jury instructions were provided before the parties' summations, whereas here there was no such violation.  We decline to exercise our power to review defendant's contention concerning the bifurcated jury instructions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court