■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CHEEKS, Appellant. [966 NYS2d 893]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered March 23, 2011, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied the defendant's application, made on the eve of trial, to substitute counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides*, 75 NY2d 822, 824 [1990]). Counsel may be substituted at the trial court's discretion where good cause is shown (*see People v Porto*, 16 NY3d 93, 99-100 [2010]; *People v Burkett*, 98 AD3d 746, 747 [2012]). Here, the defendant failed to establish good cause for the substitution of his counsel, as the defendant's dissatisfaction with counsel was due to disagreements over trial strategy (*see People v Johnson*, 103 AD3d 1251 [2013]; *People v Martin*, 41 AD3d 616, 617 [2007]; *People v Walton*, 14 AD3d 419, 420 [2005]; *People v Welch*, 2 AD3d 1354, 1355 [2003]; *People v Jones*, 302 AD2d 476, 477 [2003], *lv denied* 100 NY2d 583 [2004]). Further inquiry was not required, as the defendant's assertions did not suggest the serious possibility of irreconcilable differences or other impediment to the defendant's representation by assigned counsel (*see People v Ayuso*, 80 AD3d 708, 709 [2011]).

The record does not support the defendant's claim that he was deprived of his right to the effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case, we conclude that the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *Strickland v Washington*, 466 US 668 [1984]).

The defendant's constitutional challenge to the persistent violent felony offender statute is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, is without merit (*see People v Leon*, 10 NY3d 122, 126 [2008], *cert denied* 554 US 926 [2008]; *People v Edwards*, 82 AD3d 1005, 1006 [2011]; *People v Ayuso*, 80 AD3d at 709).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.