■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEOFILO REYES, Appellant. [976 NYS2d 84]—Judgment, Supreme Court, New York County (Michael R. Sonberg, J., at suppression hearing and request for new counsel; Roger S. Hayes, J., at jury trial and sentencing), rendered January 5, 2012, as amended January 18, 2012, convicting defendant of burglary in the second degree (three counts) possession of burglar's tools (two counts) and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

After sufficient inquiry, the court properly exercised its discretion in denying defendant's request for assignment of new counsel, since defendant did not establish good cause for a substitution (*see People v Linares*, 2 NY3d 507 [2004]; *see also People v Nelson*, 7 NY3d 883 [2006]). Defendant received a full opportunity to elaborate on his reasons for the request. His nonparticularized lack of confidence in his third assigned attorney did not warrant substitution (*see People v Sawyer*, 57 NY2d 12, 19 [1982], *cert denied* 459 US 1178 [1983]; *People v Medina*, 44 NY2d 199, 208-209 [1978]), and his assertion that his attorney never spoke with him was contradicted by other portions of defendant's colloquy with the court.

The court properly denied defendant's suppression motion. Defendant's generalized argument that the police lacked probable cause for his arrest failed to preserve his present contentions, none of which were raised at the suppression hearing (*see People v Tutt*, 38 NY2d 1011 [1976]), and we decline to review them in the interest of justice. As an alternative holding, we

find that the police, who relied on a wanted poster, had reasonable suspicion that justified stopping and frisking defendant, and that defendant's argument concerning the adequacy of an informant's basis of knowledge is unavailing (*see People v Herold*, 282 AD2d 1, 4-5 [1st Dept 2001], *lv denied* 97 NY2d 682 [2001]). Concur—Tom, J.P., Friedman, Acosta, Moskowitz and Gische, JJ.