■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HARRIS, Appellant. [49 NYS3d 410]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered July 18, 2014, convicting defendant, after a nonjury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence supports the conclusion that a notice had been "personally communicated" (Penal Law § 140.00 [5]) to defendant, prohibiting him from entering the store where the crime occurred.

Our review of defendant's ineffective assistance of counsel claim is limited to the trial record (*see People v Evans*, 16 NY3d 571, 575 [2011]), and to the extent that record permits review, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Counsel candidly explained to the court that, despite having secured a lengthy midtrial delay to bring in a

witness, he would not be calling the witness because his testimony would be unhelpful. Notwithstanding that the court was sitting as the trier of fact, defendant has not shown that counsel's revelation of his reason for not calling the witness was objectively unreasonable, or that it affected the outcome or fairness of the trial.

Defendant did not actually request new counsel until after the trial, and the court granted that request. To the extent any of defendant's midtrial complaints about his counsel could be viewed, individually or collectively, as a request for new counsel, defendant did not demonstrate good cause for substitution (*see generally People v Linares*, 2 NY3d 507, 510 [2004]).

We perceive no basis for reducing the sentence. Concur— Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ.