■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY CHARLES, Appellant. [59 NYS3d 309]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 10, 2015, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established defendant's guilt of fourth-degree grand larceny under a theory of a taking from the person of another (Penal Law § 155.30 [5]). Defendant, while employing a ruse, engaged in conversation with a man who was attempting to use a MetroCard vending machine and holding cash in his hand. While the victim was considering defendant's offer of assistance, defendant grabbed the money and departed. The evidence fails to support defendant's assertion that he was only guilty of tricking the victim into handing over his money.

Defendant did not preserve his challenge to the court's charge on grand larceny, and we decline to consider it in the interest of justice. As an alternative holding, we reject it on the merits. The trial court correctly explained the elements of the crime of from-the-person grand larceny, stressing that this was the only charge before them. At defense counsel's request, the trial court contrasted the grand larceny charge with the uncharged crimes of robbery and larceny by trick, and the court's instruction made clear to the jury that in this case, a finding that defendant engaged in conduct constituting either of the other two uncharged crimes would require a finding that he was not guilty of grand larceny. We do not find that the wording of the charge was confusing.

The court properly denied defendant's motion for substitution of counsel. The court, whose inquiry into defendant's complaints was sufficient under the circumstances and accorded him ample opportunity to be heard, correctly found that there was no good cause for assignment of another attorney on the eve of trial (*see People v Linares*, 2 NY3d 507, 511 [2004]). Concur—Friedman, J.P., Renwick, Andrias, Moskowitz and Gesmer, JJ.