People v Smith (2019 NY Slip Op 09036)





People v Smith


2019 NY Slip Op 09036


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-09902
 (Ind. No. 2249/14)

[*1]The People of the State of New York, respondent,
v
Anthony Wayne Smith, appellant.


Richard L. Herzfeld, P.C., New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato and Thomas Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Richard Ambro, J.), rendered September 8, 2015, convicting him of assault in the third degree and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination denying the defendant's application, made on the eve of trial, to substitute counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (People v Sides, 75 NY2d 822, 824; see People v Washington, 25 NY3d 1091, 1095; People v Cheeks, 107 AD3d 1013, 1014). Counsel may be substituted at the trial court's discretion where good cause is shown (see People v Smith, 18 NY3d 588, 592; People v Cheeks, 107 AD3d at 1014). Here, the defendant's generalized and conclusory complaints about defense counsel were belied and contradicted by the record, thereby dispensing with the need for further inquiry by the trial court before ruling on the defendant's application (see People v Stevens, 162 AD3d 1077, 1078; People v Cheeks, 107 AD3d at 1014). Accordingly, the defendant's related contention that his plea of guilty and waiver of his right to appeal were not knowingly, intelligently, and voluntarily made because his application for substitution of counsel was improperly denied is without merit.
The defendant's valid waiver of his right to appeal precludes our review of the defendant's challenge to the adverse pretrial suppression ruling pertaining to a photo array identification procedure (see People v Ward, 126 AD3d 730; People v Corbin, 121 AD3d 803). The defendant's waiver also precludes our review of the defendant's claim of ineffective assistance of counsel to the extent it is based upon counsel's performance at the pretrial suppression hearing pertaining to counsel's opening the door to testimony about the subject photo array identification previously precluded by the trial court (see People v Brown, 116 AD3d 1062).
BALKIN, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court