People v Narvaez (2020 NY Slip Op 05300)





People v Narvaez


2020 NY Slip Op 05300


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Ind No. 703/15, 1930/15, 2672/16 Appeal No. 11911 Case No. Case No. 2019-5401 

[*1]The People of the State of New York, Respondent,
v
Milton Narvaez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben. J. and Gilbert Hong, J. at change of counsel applications; Hong, J. at jury trial and sentencing), rendered March 23, 2018, as amended May 31, 2018 and September 14, 2018, convicting defendant, after a jury trial, of predatory sexual assault against a child (13 counts), promoting a sexual performance by a child as a sexually motivated felony (seven counts), promoting a sexual performance by a child (14 counts), sexual abuse in the first degree (two counts), aggravated sexual abuse in the third degree (one count) and possessing a sexual performance by a child (61 counts), and sentencing him, as a second felony offender, to an aggregate term of 100 years to life, unanimously affirmed.
Defendant failed to demonstrate good cause for assignment of substitute counsel (see People v Linares, 2 NY3d 507, 510-511 [2004]). In each instance, defendant's complaints about his counsel were generalized and conclusory (People v Smith, 75 AD3d 420, 421 [1st Dept 2010], affd 18 NY3d 588 [2012]). A defendant's right to effective counsel is not violated by counsel reporting to the court that a mental health professional "informed counsel there was no reason to question defendant's mental competency" (People v Wilson, 45 AD3d 407, 407 [1st Dept 2007], lv denied 10 NY3d 773 [2008]).
The court providently exercised its discretion in admitting one video and one photograph of defendant engaging in sexually explicit but noncriminal behavior in the church where one of the crimes occurred. The evidence was probative of defendant's identity as the person sexually assaulting the young girl, who was never identified, in a video recovered from defendant's camera, and demonstrated that he had access to the obscure storage room in which the sexual assault occurred. The probative value of the images outweighed the risk of undue prejudice (see People v Morris, 21 NY3d 588, 594 [2013]).
Defendant's claim that the court violated his Confrontation Clause rights and his right to a fair trial by admitting a statement made by an unidentified person, is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. There was no violation of defendant's rights because the statement was not testimonial (see People v Rawlins, 10 NY3d 136, 156 [2008], cert denied 557 US 934 [2009]; People v Bradley, 8 NY3d 124, 126 [2006]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020