People v Hernandez (2021 NY Slip Op 01635)





People v Hernandez


2021 NY Slip Op 01635


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


886 KA 17-01521

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ORLANDO HERNANDEZ, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered March 30, 2017. The judgment convicted defendant upon a jury verdict of assault in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the second degree (Penal Law § 120.05 [7]), arising out of separate incidents in which he struck fellow inmates while incarcerated in the Livingston County Jail. We reject the contention of defendant that he was denied his statutory right to testify before the grand jury. Defendant failed to serve the requisite written notice upon the District Attorney that he intended to testify before the grand jury (see CPL 190.50 [5] [a]; see also People v Perez, 67 AD3d 1324, 1325 [4th Dept 2009], lv denied 13 NY3d 941 [2010]), and County Court was entitled to credit the hearing testimony of defendant's former attorney that he had met with defendant, and that he and defendant had discussed the charges and both agreed that defendant should not testify before the grand jury (see People v Weis, 56 AD3d 900, 902 [3d Dept 2008], lv denied 12 NY3d 763 [2009]; People v Dickens, 259 AD2d 450, 450 [1st Dept 1999], lv denied 93 NY2d 1002 [1999]). We note that, although defendant sent a letter to the District Attorney three days prior to the grand jury proceeding, defendant did not indicate in that letter that he intended to testify before the grand jury.
To the extent that defendant further contends that he was denied effective assistance of counsel on the ground that his former attorney failed to effectuate his intent to testify before the grand jury, we reject that contention. The attorney testified that he and defendant had agreed to "a strategic decision not to testify at the [g]rand [j]ury," and defendant's conclusory allegations fail to establish that there were no strategic or other legitimate explanations for defense counsel's alleged failure (see People v Galleria, 264 AD2d 899, 900 [3d Dept 1999], lv denied 94 NY2d 880 [2000]). In any event, defense counsel's alleged failure would not constitute ineffective assistance of counsel absent a showing of prejudice (see generally People v Hogan, 26 NY3d 779, 787 [2016]; Dickens, 259 AD2d at 450-451), and defendant has failed to "establish[ ] that 'he was prejudiced by the failure of [defense counsel] to effectuate his appearance before the grand jury' " (People v James, 92 AD3d 1207, 1208 [4th Dept 2012], lv denied 19 NY3d 962 [2012], quoting People v Simmons, 10 NY3d 946, 949 [2008]) "or that, had he testified in the grand jury, the outcome would have been different" (People v Coleman, 134 AD3d 1555, 1557 [4th Dept 2015], lv denied 27 NY3d 963 [2016] [internal quotation marks omitted]; see People v Robinson, 151 AD3d 1701, 1701 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]).
We similarly reject defendant's contention that he was denied effective assistance of counsel by defense counsel's failure to file a motion to dismiss the indictment pursuant to CPL 190.50 (5) (c). As noted above, defendant did not serve the requisite written notice upon the [*2]District Attorney that he intended to testify before the grand jury (see CPL 190.50 [5] [a]), and it is well settled that "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]).
We also reject defendant's contention that defense counsel was ineffective for failing to adequately challenge the composition of the jury pool. A defendant objecting to the composition of the jury pool bears "the burden of demonstrating 'that a substantial and identifiable segment of the community was not included in the jury pool based on a systematic exclusion of that group' " (People v Blanchard, 279 AD2d 808, 811 [3d Dept 2001], lv denied 96 NY2d 826 [2001]). Thus, in order to meet defendant's burden, defense counsel needed to "demonstrat[e] 'that the alleged underrepresentation was caused by intentional discrimination or that the jurors had been systematically excluded from the jury pool' " (id.). Inasmuch as there is no evidence in the record to establish that Hispanics were underrepresented in the jury pool or that "the absence of [Hispanics] on the jury panel was a result of a flawed selection process intended to exclude them" (People v Levy, 52 AD3d 1025, 1025 [3d Dept 2008]; see People v Clarke, 5 AD3d 807, 810 [3d Dept 2004], lv denied 2 NY3d 797 [2004]), we cannot conclude that defense counsel's failure to make those arguments deprived defendant of effective assistance of counsel.
Defendant further contends that defense counsel was ineffective for failing to "raise a mental health or defect defense" and for failing to request to call an expert witness to testify about posttraumatic stress disorder. Defendant's conclusory allegations, however, fail to " 'demonstrate the absence of strategic or other legitimate explanations' for [those] alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]; see People v Johnson, 103 AD3d 1251, 1251-1252 [4th Dept 2013], lv denied 21 NY3d 1005 [2013]). Viewing the evidence, the law and the circumstances of the case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention that the evidence at trial is legally insufficient to establish that he intended to cause physical injury to the victims (see People v Moreland, 103 AD3d 1275, 1275-1276 [4th Dept 2013], lv denied 21 NY3d 945 [2013]; People v Green, 74 AD3d 1899, 1900 [4th Dept 2010], lv denied 15 NY3d 852 [2010]). In any event, we conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that defendant possessed the requisite intent. Here, both incidents were captured by the surveillance cameras in the jail, and the video evidence established, inter alia, that defendant approached the first victim and struck him numerous times. Defendant then approached the second victim, grabbed him by his hair, pulled his head back, let go and punched him in the side of his head. The first victim's injuries included a fractured jaw, and the second victim sustained a ruptured eardrum with hearing loss.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the victims' testimony (see id.), which was corroborated by the video recording and also by the evidence of their injuries, and which "was not rendered incredible as a matter of law . . . by the fact that [the victims] had criminal histories" (People v Resto, 147 AD3d 1331, 1334 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]; see People v Huff, 133 AD3d 1223, 1226 [4th Dept 2015], lv denied 27 NY3d 999 [2016]). Although defendant testified that he feared for his own safety and did not intend to injure either of the two inmates, the video evidence fails to support defendant's testimony that those inmates instigated the incidents, and the jury was justified in inferring based on defendant's actions that he intended to cause them physical injury (see Moreland, 103 AD3d at 1276).
Defendant contends that he was denied his right to present a defense because the court precluded him from calling a proposed witness to provide testimony on the issue of justification. We reject that contention inasmuch as it is not supported by the record (see generally People v Yancey, 277 AD2d 931, 931 [4th Dept 2000], lv denied 96 NY2d 740 [2001]). Indeed, the [*3]record establishes that the court did not preclude defendant from calling the proposed witness in question. Following defendant's offer of proof, the court reserved decision on whether the proposed witness's testimony would be relevant until after defendant testified. After defendant testified, the court asked whether the defense had any further witnesses. The defense declined to call any further witnesses and immediately rested.
Defendant further contends that he was denied a fair trial based on several instances of prosecutorial misconduct. Defendant's contention is preserved for our review only in part, and in any event we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013] [internal quotation marks omitted]).
Defendant also contends that the court abused its discretion in denying his request to adjourn sentencing because he did not have a prepared written statement with him at that time. "The determination of whether to allow a defendant to adjourn sentencing proceedings . . . rests within the sound discretion of the trial court and should not be disturbed unless there is a clear abuse of that discretion" (People v Payne, 176 AD2d 827, 827 [2d Dept 1991], lv denied 79 NY2d 862 [1992]). Here, defendant was afforded the opportunity to make a statement before he was sentenced (see CPL 380.50 [1]; cf. People v Jackson, 58 AD2d 741, 741 [4th Dept 1977]) and, contrary to defendant's contention, we conclude that the court did not abuse its discretion in denying his request (see People v McGuay, 1 AD3d 930, 930 [4th Dept 2003], lv denied 5 NY3d 791 [2005]; People v Williams, 302 AD2d 903, 903 [4th Dept 2003]).
The sentence is not unduly harsh or severe. Finally, we have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court