THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN WHITELOW, Appellant. [768 NYS2d 862]—

Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered May 24, 2001, convicting defendant after a nonjury trial of, inter alia, criminal possession of stolen property in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of criminal possession of stolen property in the fourth and fifth degrees under counts three and four of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2], [5]) and one count each of criminal possession of stolen property in the fifth degree (§ 165.40) and unauthorized use of a vehicle in the third degree (§ 165.05 [1]). Contrary to the contention of defendant, Supreme Court did not abuse its discretion in denying his request for substitution of counsel. Defendant failed to establish that there was " 'good cause for a substitution' " (*People v Sides,* 75 NY2d 822, 824 [1990]), and "it is evident from the record that '[a]ny communication problem between counsel and the defendant was caused by the defendant's uncooperative attitude' " (*People v Johnson,* 292 AD2d 871, 871-872 [2002], *lv denied* 98 NY2d 652 [2002]). We reject defendant's further contention that the evidence is legally insufficient to support the conviction of unauthorized use of a vehicle in the third degree (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Because the People concede that counts three and four of the indictment must be dismissed as multiplicitous, we reverse those parts of the judgment without addressing the merits of defendant's contention. However, even assuming, arguendo, the validity of that contention, we reject defendant's further contention that the entire indictment must be dismissed (*see generally People v Brandel,* 306 AD2d 860 [2003]; *People v Aarons,* 296 AD2d 508 [2002], *lv denied* 99 NY2d 532 [2002]). In light of our decision with respect to count three, defendant's remaining contention with respect to that count is moot. We therefore modify the judgment by reversing those parts convicting defendant of criminal possession of stolen property in the fourth and fifth degrees under

counts three and four of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.