■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMOND PENA, Appellant. [776 NYS2d 37]—

Judgment, Supreme Court, New York County (Herbert I. Altman, J., at hearing; Arlene Goldberg, J., at plea and sentence), rendered April 24, 2002, convicting defendant of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's challenges to the validity of his guilty plea are unpreserved (*see People v Ali*, 96 NY2d 840 [2001]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]), and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Although defendant claims that the voluntariness of his plea was impacted by a colloquy in Criminal Court that defendant characterizes as a denial of his right to represent himself, the record does not establish any connection between that event and defendant's knowing, intelligent and voluntary choice, made long afterwards in Supreme Court, to plead guilty (*see People v Hunter*, 300 AD2d 5 [2002], *lv denied* 99 NY2d 615 [2003]). We note that defendant did nothing to call the court's attention to such a claim at the time of the initial guilty plea, which defendant withdrew, or at the time of his ultimate plea. Furthermore, the record, viewed in totality, warrants the conclusion that after a new attorney was appointed for defendant at his request, defendant was satisfied with his representation and abandoned any interest in representing himself (*see People v Hirschfeld*, 282 AD2d 337, 339 [2001], *lv denied* 96 NY2d 919 [2001], *cert denied* 534 US 1082 [2002]).

Since defendant withdrew his first plea and voluntarily accepted a new plea agreement, he waived any claim that he had sufficiently complied with the terms of the first plea agreement and should have been permitted to return to a drug treatment program (*see People v Battle*, 287 AD2d 361 [2001], *lv denied* 97 NY2d 751 [2002]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determi-

nations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Concur—Nardelli, J.P., Andrias, Sullivan and Ellerin, JJ.