■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GALBERTH, Appellant. [788 NYS2d 109]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J., on dismissal motion; John A.K. Bradley, J., at jury trial and sentence), rendered January 22, 2003, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously affirmed.

The court properly denied defendant's CPL 190.50 (5) motion to dismiss the indictment. There was no violation of defendant's right to testify before the grand jury, because the record establishes that on the day that defendant was scheduled to testify, the court, at defense counsel's request, properly ordered a psychiatric examination under CPL article 730. Therefore, the People were entitled to complete the grand jury presentation without defendant's testimony (CPL 730.40 [3]; *People v Peterson*, 11 AD3d 336 [2004]). The court's order caused the statutory exception to become applicable, and the fact that the examination was delayed as a result of a clerk's failure to complete paperwork does not warrant a different conclusion.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of any conflicts in testimony. The evidence warrants the inference that defendant used physical force against the victim in order to help his accomplice retain possession of the stolen property, and that defendant thus shared his accomplice's intent to commit robbery (*see People v Green*, 277 AD2d 82 [2000], *lv denied* 96 NY2d 784 [2001]; *see also People v Durden*, 5 AD3d 333 [2004], *lv denied* 2 NY3d 798 [2004] [codefendant's case]).

The *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court permitted inquiry as to a portion of defendant's very extensive criminal history, and the prior convictions and their underlying facts were relevant to defendant's credibility since they tended to show that he placed his own interests above those of society. Moreover, defendant did not demonstrate, as he now urges, that such evidence would have been inflammatory.

We perceive no basis for a reduction in sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.