# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

817

KA 09-01853

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CARL GOOSSENS, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

RONALD A. CICORIA, ACTING DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered April 22, 2008. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child (two counts) and unlawfully dealing with a child in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts each of endangering the welfare of a child (Penal Law § 260.10 [1]), and unlawfully dealing with a child in the first degree (§ 260.20 [2]). Contrary to defendant's contention, County Court properly exercised its discretion in denying his motion for new assigned counsel on the morning of the commencement of trial inasmuch as there was no showing of good cause for substitution of counsel (*see People v Porto*, 16 NY3d 93, 100; *People v Linares*, 2 NY3d 507, 511; *People v Singletary*, 63 AD3d 1654, *lv denied* 13 NY3d 839). Defendant's oral request raised the same concerns raised by defendant in a prior motion for new assigned counsel, i.e., that defense counsel recommended that he accept a plea offer and that defense counsel would not provide meaningful representation at trial. That prior motion had been granted by the court with respect to the first attorney assigned in the case.

"In determining whether good cause exists, a trial court must consider the timing of the defendant's request, its effect on the progress of the case and whether present counsel will likely provide the defendant with meaningful assistance" (*Linares*, 2 NY3d at 510). The record establishes that there was no good cause for substitution of counsel here. Defendant had made similar requests for new assigned counsel both in this matter and in others of which the court was aware; the trial would be delayed if the request was granted; defense

counsel had actively participated in conferences and a pretrial hearing and set forth his efforts to prepare a defense for trial; and, "[t]o the extent defendant's relationship with counsel soured with the approach of trial, the fault lies wholly with defendant" (*id.* at 511). In addition, although defense counsel initially stated that the attorney/client relationship was irretrievably broken based upon defendant's request for new counsel and the difficulty he had in communicating with defendant, upon further "diligent and thorough" inquiry by the court, counsel implicitly stated that he would provide meaningful representation at trial (*id.; cf. People v Sides*, 75 NY2d 822, 824-825). "Substitution of counsel is an instrument designed to remedy meaningful impairments to effective representation, not to reward truculence with delay" (*Linares*, 2 NY3d at 512).

Entered:  June 29, 2012                        Frances E. Cafarell
                                               Clerk of the Court