■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS JOHNSON, Appellant. [10 NYS3d 4]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at CPL 190.50 motion; Ronald A. Zweibel, J., at jury trial and sentencing), rendered January 10, 2013, convicting defendant of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment, made on the ground that he was deprived of his right to testify before the grand jury. The record establishes that the People provided defendant with an opportunity to testify but that his failure to do so resulted from his unruly, volatile and physically menacing behavior before the grand jurors (*see People v Dunn*, 248 AD2d 87 [1st Dept 1998], *appeal withdrawn* 93 NY2d 1002 [1999]; *see also People v Davis*, 287 AD2d 376 [1st Dept 2001], *lv denied* 97 NY2d 680 [2001]). Defendant's behavior in the grand jury was so alarming that when the prosecutor eventually had defendant removed from the grand jury room, his attorney immediately asked the court to order a CPL article 730 psychiatric examination. Although defendant was removed before he could give any testimony, the facts, upon which both the prosecutor and defense counsel agreed, demonstrated an urgent need to remove defendant immediately for the safety of the persons in the grand jury room.

The court also properly denied the dismissal motion on the alternative ground that, where the court has ordered a competency examination, CPL 730.40 (3) allows a grand jury to vote an indictment without hearing from a defendant who has requested to testify. While the court had not formally issued such an order before the grand jury voted the indictment, the court had determined that it would issue an examination order the next day, and issued a securing order commanding that defendant be brought before it for that purpose the following morning. Thus, the CPL 730.40 (3) exception was properly applied to the unusual circumstances presented (*see People v Galberth*, 14 AD3d 420 [2005], *lv denied* 4 NY3d 853 [2005]).

After defendant was found fit to proceed, the trial court properly granted defendant's request to represent himself. In a thorough inquiry, the court repeatedly emphasized the disadvantages and risks of waiving the right to counsel. The court also sufficiently inquired into whether defendant's mental condition would affect his ability to waive his right to counsel and proceed pro se (*see People v Stone*, 22 NY3d 520, 527-529 [2014]).

There is no merit to defendant's argument that he was deprived of a fair trial. The court was not obligated to assist defendant in trying his case. "Ineptitude, inherent in almost any case of self-representation, is a constitutionally protected prerogative" (*People v Schoolfield*, 196 AD2d 111, 117 [1st Dept 1994], *lv dismissed* 83 NY2d 858 [1994]). Moreover, although not required to do so, the court permitted defendant to be assisted by standby counsel.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.