# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**267**

**KA 14-00575**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KEVIN V. BYNG, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

KEVIN V. BYNG, DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered September 2, 2011. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from two judgments convicting him, upon his pleas of guilty, of robbery in the second degree (Penal Law § 160.10 [2] [b]) and attempted robbery in the third degree (§§ 110.00, 160.05), respectively. In appeal No. 1, we conclude that defendant validly waived his right to appeal and that his "general unrestricted waiver" encompasses his challenge to the severity of his bargained-for sentence (*People v Hidalgo*, 91 NY2d 733, 737; *see People v Lopez*, 6 NY3d 248, 255-256; *cf. People v Maracle*, 19 NY3d 925, 928). In appeal No. 2, we conclude that defendant did not validly waive his right to appeal inasmuch as County Court failed to " 'engage[] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767). Nevertheless, we conclude that the sentence in appeal No. 2 is not unduly harsh or severe.

The remaining contentions in defendant's pro se supplemental brief are based upon matters dehors the record, and are thus not properly before us on defendant's direct appeals from the judgments (*see People v Wilson*, 108 AD3d 1011, 1013).

Entered:  March 31, 2017                          Frances E. Cafarell
                                                 Clerk of the Court