■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
VINCENT S. LONG, Appellant. (Appeal No. 1.) [58 NYS3d 788]—
Appeal from a judgment of the Steuben County Court (Mari-
anne Furfure, A.J.), rendered February 13, 2014. The judg-
ment convicted defendant, upon his plea of guilty, of criminal
possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is
unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a
judgment convicting him upon his plea of guilty of criminal
possession of a controlled substance in the third degree (Penal
Law § 220.16 [12]). In appeal No. 2, defendant appeals from a
judgment convicting him upon his *Alford* plea of criminal pos-
session of a controlled substance in the third degree (§ 220.16
[1]) and, in appeal No. 3, he appeals from a judgment convict-
ing him upon his *Alford* plea of bribing a witness (§ 215.00).

In appeal No. 1, defendant failed to preserve for our review
his contention that the guilty plea was not knowingly, intel-
ligently, and voluntarily entered inasmuch as he failed to move
to withdraw the plea or to vacate the judgment of conviction on
that ground (*see People v Zulian*, 68 AD3d 1731, 1732 [2009],
*lv denied* 14 NY3d 894 [2010]) and, contrary to defendant's
contention, this case does not fall within the rare exception to
the preservation requirement set forth in *People v Lopez* (71
NY2d 662, 666 [1988]). In any event, the record establishes
that defendant's contention is without merit. Defendant's fur-
ther contention that he was denied the opportunity to withdraw
his plea is belied by the record and patently without merit.

With respect to the pleas in all three appeals, it is well settled
that the only claims of ineffective assistance of counsel that
survive a guilty plea are those where the plea was infected by
the alleged ineffective assistance (*see People v Collins*, 129
AD3d 1676, 1676-1677 [2015], *lv denied* 26 NY3d 1038 [2015]).
To the extent that defendant contends that alleged ineffective
assistance infected the pleas, we conclude that the contention
is without merit, inasmuch as it is belied by his statements
during the plea colloquies (*see People v Garner*, 86 AD3d 955,
956 [2011]), or it involves matters that are outside the record
and is not reviewable on direct appeal (*see generally People v
Davis*, 119 AD3d 1383, 1384 [2014], *lv denied* 24 NY3d 960
[2014]). We further note that, as part of the combined plea

agreement, defendant waived any claim he had to specific performance of an alleged off-the-record plea agreement and that he allegedly complied with the conditions thereof in order to receive an allegedly more lenient sentence promise with respect to all three convictions at issue herein (*see generally People v Pena*, 7 AD3d 259, 260 [2004], *lv denied* 3 NY3d 645 [2004]).

We reject defendant's further contention that County Court erred in failing to correct an error in the presentence report. The record establishes that the court ordered the appropriate correction and thus no corrective action is required by this Court.

Finally, the sentence is not unduly harsh or severe. Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.