Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered July 15, 2016. The judgment convicted defendant, upon his plea of guilty, of use of a child in a sexual performance as a sexually motivated felony.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of use of a child in a sexual performance as a sexually motivated felony (Penal Law §§ 130.91 [1]; 263.05). Contrary to defendant’s contention in his main brief, the record establishes that he knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]), and his challenge to the severity of the sentence is encompassed by that waiver (see id. at 255-256).
 

 Defendant’s remaining contentions are raised in his two pro se supplemental briefs. Defendant’s valid waiver of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (see People v Gardner, 101 AD3d 1634, 1634 [4th Dept 2012]). In any event, defendant failed to preserve that challenge for our review, and this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]). Although defendant’s contention that defense counsel was ineffective for failing to intervene during the proceedings to make sure that he understood County Court’s questions survives his valid waiver of the right to appeal (see People v Griffin, 120 AD3d 1569, 1570 [4th Dept 2014], lv denied 24 NY3d 1084 [2014]), that contention is without merit (see generally People v Conway, 148 AD3d 1739, 1741-1742 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]). Defendant’s remaining contentions regarding ineffective assistance of counsel are based upon matters dehors the record, and are thus not properly before us (see People v Byng, 148 AD3d 1752, 1753 [4th Dept 2017], lv denied 29 NY3d 1090 [2017]). Defendant waived his further contention that he was denied the opportunity to testify before the grand jury inasmuch as he “fail[ed] to move to dismiss the indictment on that ground within five days of his arraignment on the indictment” (People v Braction, 26 AD3d 778, 779 [4th Dept 2006], lv denied 6 NY3d 832 [2006], denied upon reconsideration 6 NY3d 846 [2006]).
 

 We have reviewed defendant’s remaining contentions in his pro se supplemental briefs and conclude that they are without merit.
 

 Present—Garni, J.P., Lindley, DeJoseph, 'Troutman and Winslow, JJ.