Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered July 27, 2005. The judgment convicted defendant, after a nonjury trial, of, inter alia, rape in the first degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). Defendant contends that his waiver of the right to a jury trial was invalid inasmuch as Supreme Court failed to conduct an adequate allocution to determine whether the waiver was voluntary, knowing, and intelligent. Because defendant did not challenge the adequacy of the court’s allocution, that contention is not preserved for our review (see CPL 470.05 [2]; People v Hailey, 128 AD3d 1415, 1415-1416 [4th Dept 2015], lv denied 26 NY3d 929 [2015]; see also People v Magnano, 158 AD2d 979, 979 [4th Dept 1990], affd 77 NY2d 941 [1991], cert denied 502 US 864 [1991]). In any event, the record does not support defendant’s contention that he did not understand the consequences of his waiver (see Hailey, 128 AD3d at 1416).
 

 Defendant further contends that the court erred in allowing him to override defense counsel’s advice with respect to the decision whether to waive his right to a jury trial, thereby depriving defendant of his right to counsel. That contention is without merit. The record establishes that defendant made an unequivocal and timely request to waive his right to a jury trial. He signed the written waiver in open court after consulting with defense counsel and his mother. Although defense counsel did not agree with that decision, such disagreement does not equate to defendant being deprived of his fundamental right to counsel. It is well established that a defendant, “ ‘having accepted the assistance of counsel, retains authority . . . over certain fundamental decisions regarding the case’ such as ‘whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal’ ” (People v Colon, 90 NY2d 824, 825-826 [1997] [emphasis added]; see People v McKenzie, 142 AD3d 1279, 1280 [4th Dept 2016]). In. cases where defendant has the ultimate decision whether to exercise or waive a particular right, the court must permit the right to be waived, even if it believes the waiver to be improvident or against the advice of defense counsel (see generally People v Davis, 49 NY2d 114, 119-120 [1979]).
 

 Present—Centra, J.P., Peradotto, DeJo-seph, NeMoyer and Curran, JJ.