People v Livermore (2018 NY Slip Op 03281)





People v Livermore


2018 NY Slip Op 03281


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


553 KA 17-01877

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SABRINA T. LIVERMORE, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT.


 Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered March 1, 2016. The judgment convicted defendant, upon her plea of guilty, of aggravated vehicular homicide and driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of aggravated vehicular homicide (Penal Law
§ 125.14 [5]) and driving while intoxicated (Vehicle and Traffic Law
§ 1192 [2]). Contrary to defendant's contention, we conclude that the record establishes that County Court "conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Davis, 129 AD3d 1613, 1613 [4th Dept 2015], lv denied 26 NY3d 966 [2015] [internal quotation marks omitted]), and that "[t]he plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Williams, 132 AD3d 1291, 1291 [4th Dept 2015], lv denied 26 NY3d 1151 [2016] [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]). Contrary to defendant's further contention, the court "was not required to specify during the colloquy which specific claims survive the waiver of the right to appeal" (People v Rodriguez, 93 AD3d 1334, 1335 [4th Dept 2012], lv denied 19 NY3d 966 [2012]; see People v Kosty, 122 AD3d 1408, 1408 [4th Dept 2014], lv denied 24 NY3d 1220 [2015]).
Defendant's contention that her plea was not knowing, intelligent, and voluntary because she simply replied "yes" and "no" to many of the court's questions is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by the valid waiver of the right to appeal (see People v Simcoe, 74 AD3d 1858, 1859 [4th Dept 2010], lv denied 15 NY3d 778 [2010]). Defendant's further contention that a certain response made by her during the plea colloquy implied that she did not operate the vehicle recklessly is also a challenge to the factual sufficiency of the plea allocution, and that challenge is also encompassed by her valid waiver of the right to appeal (see Kosty, 122 AD3d at 1408). In any event, defendant failed to preserve her contentions for our review because she did not move to withdraw the plea or to vacate the judgment of conviction (see People v Darling, 125 AD3d 1279, 1279 [4th Dept 2015], lv denied 25 NY3d 1071 [2015]), and this case does not fall within the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]).
To the extent that defendant's contention that she was denied effective assistance of counsel survives her plea and her valid waiver of the right to appeal (see People v Cotton, 119 AD3d 1452, 1452-1453 [4th Dept 2014]) and is reviewable upon this record, we conclude that it is without merit (see People v Long, 151 AD3d 1886, 1886 [4th Dept 2017]; see generally [*2]People v Ford, 86 NY2d 397, 404 [1995]). To the extent that defendant's contention regarding ineffective assistance of counsel is based upon matters outside the record, it is not properly before us and must be raised by way of a motion pursuant to CPL article 440 (see People v Mulcahy, 155 AD3d 1594, 1594-1595 [4th Dept 2017], lv denied 30 NY3d 1107 [2018]; People v Jones, 147 AD3d 1521, 1521-1522 [4th Dept 2017], lv denied 29 NY3d 1033 [2017]).
Finally, defendant's valid waiver of the right to appeal encompasses her challenge to the severity of the sentence (see Davis, 129 AD3d at 1615; see generally Lopez, 6 NY3d at 255).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court