MEMORANDUM.
***1061 The order of the Appellate Division should be affirmed, with costs.
In support of their motions for summary judgment, defendants relied on independent physician reports finding that plaintiff had a normal range of motion six months following the accident, with no permanent effects, and on the results of a shoulder MRI performed six weeks after the accident by plaintiff's radiologist, who reported that plaintiff's rotator cuff tendons were intact and there was no MRI evidence of a tear. Plaintiff's responding medical submissions were inadequate to raise a triable issue of fact because they failed to acknowledge, much less explain or contradict, the radiologist's finding. Instead, plaintiff relied on the purely conclusory assertion of his orthopedist that there was a causal relationship between the accident and anterior labrum/rotator cuff tears that he observed (and repaired) during surgery nearly two years after the accident.
I respectfully dissent and would reverse the order of the Appellate Division, deny defendants' motions, and reinstate the complaint. Even assuming, arguendo, that defendants met their initial burden on their respective motions, I would conclude that plaintiff submitted sufficient evidence to raise a triable issue of fact in opposition thereto (see generally Zuckerman v. City of New York , 49 N.Y.2d 557, 562, 427 N.Y.S.2d 595, 404 N.E.2d 718 [1980] ).
Here, plaintiff tendered his medical records, together with reports of an orthopedist who examined him. The reports establish that the examining orthopedist diagnosed plaintiff with ***1062 a rotator cuff tear shortly after the subject accident,[1] *857 **551 concluded that such tear is causally related to the accident, and opined that the tear permanently limited plaintiff's use of his left shoulder (see generally Perl v. Meher , 18 N.Y.3d 208, 219, 936 N.Y.S.2d 655, 960 N.E.2d 424 [2011] ). The reports also sufficiently rebut defendants' theory that plaintiff's shoulder injuries were preexisting. The opinion of plaintiff's orthopedist with respect to the etiology of plaintiff's injuries is based on, among other things, that physician's review of plaintiff's medical history and personal observations that physician made during the arthroscopic procedure in which he repaired plaintiff's left shoulder (see generally id. at 218-219, 936 N.Y.S.2d 655, 960 N.E.2d 424 ). Given the conflicting expert opinions, summary judgment is not appropriate in this case. This is a matter to be resolved by a trier of fact.
Chief Judge DiFiore and Judges Stein, Garcia and Feinman concur.
Judge Fahey dissents in an opinion, in which Judges Rivera and Wilson concur.
On review of submissions pursuant to section 500.11 of the Rules, order affirmed, with costs, in a memorandum.

I specifically note that plaintiff's orthopedist made this diagnosis based in part on his review of an MRI study of plaintiff's left shoulder that was conducted approximately six weeks after the subject accident.