People v Donely (2019 NY Slip Op 00403)





People v Donely


2019 NY Slip Op 00403


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Richter, Tom, Kern, Singh, JJ.


8183 1927/15

[*1]The People of the State of New York, Respondent,
v
Deshawn Donely, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Taylor L. Napolitano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered June 21, 2016, convicting defendant, upon his plea of guilty, of two counts of attempted burglary in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 1½ to 3 years, unanimously affirmed.
Defendant claims that his plea was involuntary, but has not shown how the events of his uncompleted first trial impaired the voluntariness of the plea in any way (see People v Pena, 7 AD3d 259, 260 [1st Dept 2004], lv denied 3 NY3d 645 [2004]).
In any event, the only relief defendant requests is dismissal of the indictment rather than vacatur of the plea, and he expressly requests this Court to affirm the conviction if it does not grant a dismissal. Since we do not find that dismissal would be appropriate, we affirm on this basis as well (see e.g. People v Teron, 139 AD3d 450 [1st Dept 2016]). The fact that defendant has been released on parole is not a sufficient basis for dismissal, especially where defendant is a predicate felon (see e.g People v Peters, 157 AD3d 79, 85 [1st Dept 2017], 1v denied 30 NY3d 1118 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK