People v Smith (2019 NY Slip Op 01931)





People v Smith


2019 NY Slip Op 01931


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department



254 KA 17-01281

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM C. SMITH, DEFENDANT-APPELLANT. 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
ADAM C. SMITH, DEFENDANT-APPELLANT PRO SE.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRITTANY GROME ANTONACCI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 17, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends in his main brief that the plea was not knowingly, intelligently, or voluntarily entered. Defendant failed to preserve his contention for our review because he did not move to withdraw his plea or to vacate the judgment of conviction on that ground, and this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]).
Defendant further contends in his main and pro se supplemental briefs that he received ineffective assistance of counsel. Contrary to the People's assertion, defendant was not required to preserve that contention by moving to withdraw his plea or to vacate the judgment of conviction on that ground (see generally People v Irby, 158 AD3d 1050, 1051 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]; People v Long, 151 AD3d 1886, 1886 [4th Dept 2017]). Nevertheless, that contention "does not survive his plea . . . inasmuch as defendant failed to demonstrate that the plea bargaining process was infected by the allegedly ineffective assistance or that he entered the plea because of defense counsel's allegedly poor performance" (People v Alsaifullah, 162 AD3d 1483, 1485-1486 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]; see People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]).
Finally, we have considered the remaining contentions in defendant's pro se supplemental brief, and we conclude that none warrants reversal or modification of the judgment.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court