People v McCoy (2019 NY Slip Op 05851)





People v Mccoy


2019 NY Slip Op 05851


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


156 KA 17-00072

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CAMILLE MCCOY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered November 16, 2016. The judgment convicted defendant, upon a nonjury verdict, of burglary in the first degree, criminal possession of a weapon in the third degree, criminal contempt in the first degree and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed on count one of the indictment to a determinate term of imprisonment of five years and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting her following a nonjury trial of, inter alia, burglary in the first degree (Penal Law § 140.30 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that Supreme Court violated CPL 730.30 (4) when it failed to hold a hearing on the issue whether she was competent to stand trial. We reject that contention. Contrary to defendant's contention, despite a typographical error in one examiner's report, which was ultimately corrected, the psychiatric examiners were unanimous in their opinion regarding defendant's mental capacity. As a result, defendant was not entitled to a mandatory hearing pursuant to CPL 730.30 (4) (cf. People v Pett, 148 AD3d 1524, 1525 [4th Dept 2017]). Defendant further contends that the court was required to delay the grand jury proceedings until a determination of her mental capacity could be made. To the extent that defendant's contention may be construed as a contention that she was denied her right to testify before the grand jury, that contention was waived by her failure to move to dismiss the indictment on that ground within five days of her arraignment (see CPL 190.50 [5] [c]; People v Mulcahy, 155 AD3d 1594, 1595 [4th Dept 2017], lv denied 30 NY3d 1107 [2018]; People v Kyle, 56 AD3d 1203, 1203 [4th Dept 2008], lv denied 12 NY3d 785 [2009]).
In any event, defendant's contention lacks merit. "[I]nasmuch as it is the proper purpose of an indictment to bring a defendant to trial on a prima facie case, which, if unexplained, would warrant a conviction . . . , the People are justified in relying on the presumption of sanity" in presenting a case to the grand jury (People v Lancaster, 69 NY2d 20, 29-30 [1986], cert denied 480 US 922 [1987]). Moreover, "where the court has ordered a competency examination, CPL 730.40 (3) allows a grand jury to vote an indictment without hearing from a defendant who has requested to testify" (People v Johnson, 128 AD3d 412, 413 [1st Dept 2015], lv denied 27 NY3d 999 [2016]; see People v Peterson, 11 AD3d 336, 336-337 [1st Dept 2004], lv denied 4 NY3d 766 [2005]; see generally Lancaster, 69 NY2d at 30-31). We thus conclude that there was no error in permitting the grand jury to vote the indictment in this case without hearing from defendant and before all of the CPL 730.30 examination reports were received by the court.
We reject defendant's additional contention that the court erred in denying her requests to remove her third assigned attorney, which were made two weeks before trial, on the day the trial [*2]commenced and before sentencing. Considering "the timing of the . . . request[s], [their] effect on the progress of the case and whether [defense counsel] [would] likely provide . . . defendant with meaningful assistance" (People v Linares, 2 NY3d 507, 510 [2004]; see People v Goossens, 96 AD3d 1687, 1688 [4th Dept 2012], lv denied 19 NY3d 1102 [2012]), we conclude that the court's denial of defendant's requests "constituted a proper exercise of discretion" (Linares, 2 NY3d at 511) and did not deprive defendant of her right to counsel at any stage of the proceedings. Additionally, the court made "a sufficient inquiry into defendant's complaints . . . [,] repeatedly allowed defendant to air [her] concerns about defense counsel, and after listening to them reasonably concluded that defendant's vague and generic objections had no merit or substance' " (People v Reese, 23 AD3d 1034, 1035 [4th Dept 2005], lv denied 6 NY3d 779 [2006]; see also People v Whitelow, 2 AD3d 1393, 1393 [4th Dept 2003], lv denied 2 NY3d 748 [2004]).
With respect to defendant's contention that she did not validly waive the right to a jury trial, "[d]efendant did not challenge the adequacy of the allocution related to that waiver [and thus] failed to preserve for our review [her] challenge to the sufficiency of the court's inquiry" (People v Hailey, 128 AD3d 1415, 1415 [4th Dept 2015], lv denied 26 NY3d 929 [2015]; see People v Adger, 156 AD3d 1458, 1458 [4th Dept 2017], lv denied 31 NY3d 980 [2018], reconsideration denied 31 NY3d 1114 [2018]). Regardless, defendant's contention lacks merit inasmuch as she "waived [her] right to a jury trial in open court and in writing in accordance with the requirements of NY Constitution, art I, § 2 and CPL 320.10 (2) . . . , and the record establishes that defendant's waiver was knowing, voluntary and intelligent" (People v Wegman, 2 AD3d 1333, 1334 [4th Dept 2003], lv denied 2 NY3d 747 [2004]; see generally People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]).
We conclude, however, that the 12-year term of incarceration imposed on the count of burglary in the first degree is unduly harsh and severe. Before indictment, defendant was offered the opportunity to plead to a charge for which probation was a sentencing option. After indictment, she was offered the opportunity to plead guilty to the charges with a sentence promise of five years. At the time of the latter offer, all of the relevant facts were known to the court, including those related to defendant's history of mental illness. The victims of the offenses were defendant's parents, and they opposed a lengthy prison sentence, contending that she needed treatment not incarceration. Indeed, defendant's mother stated at sentencing that her daughter needed mental health treatment and that "jail [was] not the answer."
Moreover, all of defendant's prior convictions, none of which were felonies, were committed within three years of these offenses and only after defendant began to suffer from significant mental health issues. Under the circumstances of this case, where no new facts were set forth during the nonjury trial and the victims were opposed to incarceration, we conclude that the sentence on the burglary count should be reduced to a determinate term of incarceration of five years, and we therefore modify the judgment accordingly. Inasmuch as defendant did not address the sentences imposed on the remaining counts, we likewise do not address them.
We note, however, that the certificate of conviction must be amended to reflect that the sentence imposed on the count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) was an indeterminate term of incarceration of 2&frac13; to 7 years. In both the certificate of conviction and the original uniform sentence and commitment form, the term is stated to be 2½ to 7 years, which is an illegal sentence (see § 70.00 [2] [d]; [3] [b]). At sentencing, the court pronounced a sentence of 2&frac13; to 7 years and, when alerted to the error on the sentence and commitment form, the court issued an amended uniform sentence and commitment form. It did not, however, issue an amended certificate of conviction. The certificate of conviction must therefore be amended accordingly (see People v Correa, 145 AD3d 1640, 1641 [4th Dept 2016]; People v Owens, 51 AD3d 1369, 1372-1373 [4th Dept 2008], lv denied 11 NY3d 740 [2008]; cf. People v Fish, 61 AD3d 1355, 1355 [4th Dept 2009], lv denied 12 NY3d 915 [2009]). In addition, the certificate of conviction erroneously states the year of conviction as 2017 instead of 2016. The certificate of conviction must also be amended to correct that clerical error.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court