People v Finch (2020 NY Slip Op 00959)





People v Finch


2020 NY Slip Op 00959


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1152 KA 17-01341

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LESLIE A. FINCH, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (M. William Boller, A.J.), rendered February 3, 2017. The judgment convicted defendant upon a nonjury verdict of manslaughter in the first degree, manslaughter in the second degree, reckless assault of a child, assault in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her following a nonjury trial of manslaughter in the first degree (Penal Law § 125.20 [4]), manslaughter in the second degree (§ 125.15 [1]), reckless assault of a child (§ 120.02 [1]), assault in the second degree (§ 120.05 [8]), and endangering the welfare of a child
(§ 260.10 [1]), arising from the death of her one-year-old daughter.
With respect to defendant's contention that she did not validly waive the right to a jury trial, " [d]efendant did not challenge the adequacy of the allocution related to that waiver . . . [and thus] failed to preserve for our review [her] challenge to the sufficiency of [County] [C]ourt's inquiry' " (People v McCoy, 174 AD3d 1379, 1381 [4th Dept 2019], lv denied 34 NY3d 982 [2019]; see People v Adger, 156 AD3d 1458, 1458 [4th Dept 2017], lv denied 31 NY3d 980 [2018], reconsideration denied 31 NY3d 1114 [2018], cert denied — US &mdash, 139
S Ct 1563 [2019]).
Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v McLain, 80 AD3d 992, 993-996 [3d Dept 2011], lv denied 16 NY3d 897 [2011]). Moreover, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant also contends that the allegedly improper admission of evidence of prior bad acts denied her a fair trial. Defendant failed to preserve for our review her contention with respect to the admission of evidence of certain prior bad acts inasmuch as defendant did not object to the evidence on that ground (see CPL 470.05 [2]; People v Woods, 72 AD3d 1563, 1564 [4th Dept 2010], lv denied 15 NY3d 811 [2010]). To the extent that defendant's contention is preserved, we conclude that the court properly admitted the evidence at issue (see generally People v Henson, 33 NY2d 63, 72 [1973]; People v Molineux, 168 NY 264, 293-294 [1901]). Even assuming, arguendo, that the court erred in admitting that evidence, we conclude that any error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
We reject defendant's contention that she was denied effective assistance of counsel inasmuch as she failed to " demonstrate the absence of strategic or other legitimate [*2]explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]; see generally People v Baldi, 54 NY2d 137, 147 [1981]). With respect to defendant's claim that defense counsel was ineffective for failing to produce an expert witness at trial to rebut the expert testimony introduced by the People, defendant has not established that " such expert testimony was available, that it would have assisted the [court] in its determination or that [she] was prejudiced by its absence' " (People v Johnson, 125 AD3d 1419, 1421 [4th Dept 2015], lv denied 26 NY3d 1089 [2015]). Contrary to defendant's further claim, she was not denied effective assistance of counsel based on defense counsel's failure to conduct an adequate cross-examination of certain prosecution witnesses. "[S]peculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel" (People v Lozada, 164 AD3d 1626, 1628 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]).
Finally, the sentence is not unduly harsh or severe.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court