■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [750 NYS2d 600] —Judgment, Supreme Court, New York County (Renee White, J.), rendered July 5, 2000, convicting defendant, after a jury trial, of murder in the second degree and attempted robbery in the first and second degrees, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761). While in custody and represented by counsel on relatively minor charges, defendant initiated contact with the police and prosecutor, offering information about a murder in the hope of obtaining leniency on his pending charges. After consultations with counsel, and Miranda warnings from the prosecutor, defendant proceeded with the interview but ultimately implicated himself in the murder.

The hearing court properly determined that the waiver of defendant's right to remain silent and right to counsel, effected separately by both defendant and defense counsel, was knowing, voluntary and intelligent, since defendant had discussed the matter with counsel in several face-to-face meetings (see People v Yut Wai Tom, 53 NY2d 44, 53-54). The record fails to support defendant's claim that the prosecutor misled defendant, defendant's attorney, and/or defendant's attorney's

partner as to whether defendant's statement could be used against him, or that the prosecutor ignored apparent misimpressions by any of those individuals as to the consequences of defendant's statement.

Defendant further argues that counsel's decision to permit him to speak with the investigating prosecutor alone and without some form of immunity constituted ineffective assistance. However, the questioning took place during the preaccusatory, investigative stage, and therefore the right to meaningful legal representation, which does not attach until after the commencement of formal adversarial judicial criminal proceedings, did not apply (*see People v Claudio*, 83 NY2d 76, 78-80). While there was a court order of removal, pursuant to which defendant was brought from his place of incarceration to the prosecutor's office for questioning, defendant himself sought the meeting, and he was not "unquestionably" a "target" of the investigation; therefore, the order of removal did not constitute a commencement of formal adversarial judicial proceedings (*People v Sugden*, 35 NY2d 453, 461). In any event, to the extent the record permits review, counsel's representation was not ineffective, and defendant, having misled counsel into believing that he was merely a witness and not a participant in the crime, cannot prevail on a theory of ineffective assistance (*see People v Ghee*, 153 AD2d 954, 955, *lv denied* 76 NY2d 735; *see also People v Beam*, 57 NY2d 241, 253-255).

Defendant failed to make a sufficient showing to warrant calling two detectives as additional witnesses at the suppression hearing (*see People v Acquaah*, 167 AD2d 313, *lv denied* 78 NY2d 961). Concur—Nardelli, J.P., Tom, Lerner, Marlow and Gonzalez, JJ.