■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT P. FARRELL, Respondent. [839 NYS2d 875]—

Appeal from an order of the Oswego County Court (Walter W. Hafner, Jr., J.), entered July 12, 2006. The order, insofar as appealed from, granted that part of defendant's motion seeking to suppress defendant's oral and written statements.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law, that part of the motion seeking to suppress defendant's oral and written statements is denied and the matter is remitted to Oswego County Court for further proceedings on the indictment.

Memorandum: The People contend on appeal that County Court erred in granting that part of the omnibus motion of defendant seeking to suppress his oral and written statements to a police officer on the ground that those statements were involuntarily made (*see* CPL 60.45). We agree. The evidence at the suppression hearing established that defendant, upon learning that he was the subject of a police investigation, appeared at the police station with his attorney. Defendant's attorney, the investigating officer and the District Attorney discussed the anticipated charges against defendant and the potential benefits of defendant's cooperation. Following those discussions, defendant conferred with his attorney, and both the attorney and de-

fendant assured the investigating officer that defendant wanted to cooperate and was willing to give a statement. The investigating officer then interviewed defendant and obtained oral and written statements from him. The attorney was not present during the interview.

The evidence at the suppression hearing supports the court's conclusions that defendant was in custody during the interview by the investigating officer (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]), and that his right to counsel had indelibly attached prior to that interview (*see People v Wilhelm*, 34 AD3d 40, 45 [2006]; *see generally People v West*, 81 NY2d 370, 373-374 [1993]). Nevertheless, we conclude that the court erred in suppressing defendant's statements on the ground that they were obtained in violation of defendant's *Miranda* rights and thus were involuntarily made (*see* CPL 60.45 [2] [b] [ii]). In our view, the investigating officer properly questioned defendant in his attorney's absence based upon the assurances of the attorney and defendant that defendant wanted to cooperate and was willing to give a statement (*see People v Beam*, 57 NY2d 241, 253 [1982]; *People v Green*, 266 AD2d 403 [1999], *lv denied* 95 NY2d 865 [2000]; *People v Brown*, 244 AD2d 347 [1997], *lv denied* 91 NY2d 940 [1998]). Although defendant did not expressly waive his right to have his attorney present during questioning, such waiver may be inferred from his decision, after several face-to-face consultations with his attorney, to follow his attorney's advice to give a statement to the investigating officer (*see Beam*, 57 NY2d at 253-254; *Brown*, 244 AD2d at 348; *cf. People v Tompkins*, 45 NY2d 748, 750 [1978], *mot to amend remittitur granted* 45 NY2d 966 [1978], *cert denied* 440 US 939 [1979]). Under the circumstances, "it was permissible for the [investigating officer] to infer from the defendant's conduct that he agreed with his attorney's advice" and to conclude from the attorney's assurances that the attorney had "confirmed defendant's waiver of his right to remain silent and that the waiver was made on the advice of counsel" (*Beam*, 57 NY2d at 254).

As the court further concluded, the record does not support the conclusion that defendant's statements were rendered involuntary by unfulfilled promises made by the District Attorney or the investigating officer (*see People v Sumeriski*, 119 AD2d 999 [1986]). We also agree with the court that the statements are not subject to suppression on the ground that they were the result of less than meaningful representation by defendant's attorney (*see People v Claudio*, 83 NY2d 76, 78-79 [1993], *rearg dismissed* 88 NY2d 1007 [1996]; *People v Anonymous*, 299 AD2d

296, 297 [2002]). We therefore conclude that defendant's statements were not involuntarily made. Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Green, JJ.