# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**442**

**KA 10-00532**

PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CLIFFORD GRAHAM, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 2, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the first degree (two counts) and petit larceny (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal possession of a forged instrument in the first degree (Penal Law § 170.30) and petit larceny (§ 155.25). We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The People presented evidence that defendant passed counterfeit $20 bills at two different locations in three separate transactions, and the jury was entitled to reject the testimony of defendant that he was unaware that the bills were counterfeit (*see People v Craven*, 48 AD3d 1183, 1184, *lv denied* 10 NY3d 861; *People v Cotton*, 197 AD2d 897, 897-898, *lv denied* 82 NY2d 893). Defendant failed to preserve for our review his contention that Supreme Court deprived him of a fair trial by failing to sua sponte instruct the jury that defendant was charged in connection with two separate incidents, i.e., the incidents at the two separate locations, and that evidence of guilt with respect to one of the incidents could not be considered as evidence of guilt with respect to the other (*see* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We agree with defendant that the court's *Sandoval* ruling constitutes an abuse of discretion. Although the "exercise of a trial

court's *Sandoval* discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning" (*People v Walker*, 83 NY2d 455, 459), the court in this case failed to set forth any basis for its *Sandoval* ruling.  We thus conclude that the court "abdicated its responsibility to balance the *Sandoval* factors and determine that the probative value of the evidence outweighed the potential prejudice to defendant" (*People v Clark*, 42 AD3d 957, 959, *lv denied* 9 NY3d 960; *see People v Williams*, 56 NY2d 236, 238-240).  We conclude, however, that the error is harmless.  "[T]he proof of defendant's guilt [of criminal possession of a forged instrument in the first degree and petit larceny] is overwhelming, and there is no significant probability that the jury would have acquitted defendant had it not been for the error" (*People v Arnold*, 298 AD2d 895, 896, *lv denied* 99 NY2d 580; *see generally People v Grant*, 7 NY3d 421, 423-425).

Defendant failed to preserve for our review his further contentions that the court erred in failing to provide limiting instructions with respect to testimony by the People's witness that allegedly infringed upon defendant's right to remain silent and constituted hearsay (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Defendant also failed to preserve for our review his contention that the prosecutor deprived him of a fair trial by commenting during summation that defendant refused to sign the statement he gave to the police because he "wouldn't be a rat on paper" (*see* CPL 470.05 [2]).  In any event, that contention is without merit (*see generally People v McEathron*, 86 AD3d 915, 916, *lv denied* 19 NY3d 975).  The comment in question was within the broad bounds of rhetorical comment permissible during summations or fair comment on the evidence (*see id.*).

Contrary to defendant's further contention, we conclude that, by moving to suppress the statements in issue, he forfeited his right to seek preclusion based upon the People's alleged failure to comply with the notice provisions of CPL 710.30 (*see People v Rodriguez*, 270 AD2d 956, 957, *lv denied* 95 NY2d 870; *People v Robinson*, 225 AD2d 1095, 1095, *lv denied* 88 NY2d 884).  Finally, we reject defendant's contention that the court erred in refusing to suppress the statements he made to the police on September 11, 2009.  Inasmuch as defendant's counsel was present during the first 20 minutes of the interview and informed the detectives that defendant was willing to cooperate, it was permissible for the officers to infer from defendant's conduct and his attorney's assurances that defendant's waiver of his *Miranda* rights was made on the advice of counsel (*see People v Farrell*, 42 AD3d 954, 955).

Entered:  June 7, 2013                        Frances E. Cafarell
                                              Clerk of the Court