# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1019

KA 13-01884

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                          MEMORANDUM AND ORDER

EDIBERTO RODRIGUEZ, DEFENDANT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

EDIBERTO RODRIGUEZ, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered October 7, 2013. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Erie County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [9]). As the People correctly concede, "[b]ecause the court failed to specify the period of postrelease supervision or the permissible range of postrelease supervision prior to imposing sentence, reversal is required" (*People v Hernandez*, 83 AD3d 1581, 1581; *see People v Turner*, 24 NY3d 254, 258; *People v Catu*, 4 NY3d 242, 245). We nevertheless reject defendant's contention in his pro se supplemental brief that the matter must be remitted to a different Supreme Court Justice inasmuch as he has "failed to show the existence of any actual impropriety, prejudice, or bias with respect to" sentencing or the manner in which the Justice herein conducted the proceedings (*Matter of Serkez v Serkez*, 34 AD3d 592, 592; *see People v Weekes*, 46 AD3d 583, 584-585, *lv denied* 10 NY3d 845; *see generally* Judiciary Law § 14; *People v Moreno*, 70 NY2d 403, 405).

In view of our decision, we do not address defendant's remaining contentions.

Entered: October 9, 2015                    Frances E. Cafarell
                                                  Clerk of the Court