People v Molski (2020 NY Slip Op 00783)





People v Molski


2020 NY Slip Op 00783


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1286 KA 19-00114

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH T. MOLSKI, DEFENDANT-APPELLANT. 






AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered December 20, 2018. The judgment convicted defendant upon his plea of guilty of possessing a sexual performance by a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of possessing a sexual performance by a child (Penal Law § 263.16). Defendant's contention that he was denied effective assistance of counsel by counsel's performance during the investigatory phase prior to formal charges being brought against him survives his plea and valid waiver of the right to appeal insofar as defendant contends that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Nichols, 21 AD3d 1273, 1274 [4th Dept 2005], lv denied 6 NY3d 757 [2005]). Nevertheless, defendant's contention lacks merit. The allegedly poor performance by counsel occurred during the preaccusatory stage, and therefore the right to effective assistance of counsel, which does not attach until after the commencement of formal adversarial judicial proceedings, did not apply (see People v Claudio, 83 NY2d 76, 78 [1993], rearg dismissed 88 NY2d 1007 [1996]; People v Farrell, 42 AD3d 954, 955-956 [4th Dept 2007]; People v Anonymous, 299 AD2d 296, 297 [1st Dept 2002]).
We likewise reject defendant's contention that County Court abused its discretion when it denied defendant's motion to withdraw his guilty plea on the ground of ineffective assistance of counsel. As discussed above, the right to effective assistance of counsel had not attached at the preaccusatory stage and, insofar as defendant contends that he was deprived of effective assistance of counsel after formal charges had been brought against him, "defendant's allegations in support of the motion are belied by [his] statements during the plea proceeding" (People v Barrett, 153 AD3d 1600, 1601 [4th Dept 2017], lv denied 30 NY3d 1058 [2017]). Although defendant's remaining contention regarding the denial of his motion to withdraw his plea survives his waiver of the right to appeal (see generally People v Steinbrecher, 169 AD3d 1462, 1463 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]), that contention is not properly before us inasmuch as defendant did not move to withdraw the plea on that ground (see People v Carlisle, 50 AD3d 1451, 1451 [4th Dept 2008], lv denied 10 NY3d 957 [2008]).
Lastly, defendant's valid waiver of the right to appeal encompasses his challenge to the severity of his sentence (see People v Niccloy, 151 AD3d 1740, 1740 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]; see generally People v Lopez, 6 NY3d 248, 256 [2006]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court