People v Chandler (2021 NY Slip Op 07459)





People v Chandler


2021 NY Slip Op 07459


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1128 KA 16-00330

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSIAH J. CHANDLER, DEFENDANT-APPELLANT. 






KATHLEEN A. KUGLER, CONFLICT DEFENDER, LOCKPORT (JESSICA J. BURGASSER OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered September 14, 2015. The judgment convicted defendant upon a plea of guilty of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), defendant contends that County Court erred in accepting his plea. Defendant failed to preserve his contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Sierra-Garcia, 195 AD3d 1574, 1574 [4th Dept 2021]), and this case does not fall within the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]). To the extent that defendant's further contention that he was denied effective assistance of counsel survives his plea (see People v Molski, 179 AD3d 1540, 1540 [4th Dept 2020], lv denied 35 NY3d 972 [2020]; see generally People v Rivera, 195 AD3d 1591, 1591 [4th Dept 2021], lv denied 37 NY3d 995 [2021]), we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court