People v Wood (2023 NY Slip Op 03125)

People v Wood

2023 NY Slip Op 03125

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

384 KA 20-01653

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT C. WOOD, DEFENDANT-APPELLANT. 

LAW OFFICES OF JOSEPH Z. AMSEL, PLLC, NEW YORK CITY (JOSEPH Z. AMSEL OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered November 16, 2020. The judgment convicted defendant upon his plea of guilty of course of sexual conduct against a child in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), defendant contends that his waiver of the right to appeal is invalid because County Court failed to inform him that the right to appeal was separate and distinct from the rights automatically forfeited by his guilty plea and failed to identify which appellate issues survived the waiver of appeal. We reject defendant's contention.
Upon our review of the colloquy, we conclude that the court did not indicate to defendant that he automatically forfeited his right to appeal upon pleading guilty, but rather "engaged in a fuller colloquy, describing the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty and eliciting agreements of understanding from . . . defendant on multiple occasions" (People v Lopez, 6 NY3d 248, 257 [2006]). In addition, defendant's contention that his waiver of the right to appeal is invalid because the court failed to identify the precise claims that survived the waiver of appeal is without merit. No "particular litany" is required for a waiver of the right to appeal to be valid (id. at 256), although the "better practice" is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see NY Model Colloquies, Waiver of Right to Appeal). Here, the court appropriately relied on the Model Colloquy almost verbatim (see People v Cromie, 187 AD3d 1659, 1659 [4th Dept 2020], lv denied 36 NY3d 971 [2020]).
Defendant further contends that his plea was not knowing, intelligent, and voluntary because the court did not inform him, in advance, of the specific period of postrelease supervision that would be imposed upon sentencing. Initially, as defendant correctly notes, that contention survives a valid waiver of the right to appeal and defendant need not preserve the issue by filing a postallocution motion (see People v Jordan, 67 AD3d 1406, 1407-1408 [4th Dept 2009]). "A trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (People v Catu, 4 NY3d 242, 244-245 [2005] [internal quotation marks omitted]; see People v Turner, 24 NY3d 254, 258 [2014]). A period of postrelease supervision "is a direct consequence of a criminal conviction," and therefore "a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action" (Catu, 4 NY3d at 244, 245; see People v Robinson, 160 AD3d 774, 777 [2d Dept 2018]). Here, the court informed defendant during the [*2]plea colloquy that a period of postrelease supervision would be imposed and informed him of "the maximum potential duration of postrelease supervision" (Robinson, 160 AD3d at 777; see People v Hernandez, 83 AD3d 1581, 1581 [4th Dept 2011]). We conclude that defendant's contention that his plea was not knowing, intelligent, and voluntary because he was not informed of the exact period of postrelease supervision that would be imposed is without merit (cf. People v Rodriguez, 132 AD3d 1374, 1374 [4th Dept 2015]; Hernandez, 83 AD3d at 1581).
Defendant also contends that his plea was not knowing, intelligent, and voluntary because he was induced to plead guilty by the People's assurance that he would not be prosecuted federally for his conduct, which the People did not have the authority to fulfill. Although that contention survives the waiver of the right to appeal, defendant failed to preserve the contention for our review "[b]y failing to move to withdraw his plea or vacate the judgment of conviction" (People v Williams, 15 AD3d 863, 863-864 [4th Dept 2005], lv denied 5 NY3d 771 [2005], reconsideration denied 5 NY3d 811 [2005]). We decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Although defendant's contention that he received ineffective assistance of counsel survives his plea and valid waiver of the right to appeal insofar as defendant "contends that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance" (People v Molski, 179 AD3d 1540, 1540-1541 [4th Dept 2020], lv denied 35 NY3d 972 [2020] [internal quotation marks omitted]), that contention involves matters outside the record and therefore it is not reviewable on direct appeal (see People v Long, 151 AD3d 1886, 1886 [4th Dept 2017]; People v Nichols, 21 AD3d 1273, 1274 [4th Dept 2005], lv denied 6 NY3d 757 [2005]; Williams, 15 AD3d at 864).
Finally, defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court