People v Trisvan (2025 NY Slip Op 02484)

People v Trisvan

2025 NY Slip Op 02484

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

274 KA 23-01130

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM TRISVAN, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered July 19, 2022. The judgment convicted defendant upon his plea of guilty of attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). We affirm. Contrary to defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see generally People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Cunningham, 213 AD3d 1270, 1270 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Witherow, 203 AD3d 1595, 1595 [4th Dept 2022]).
Defendant's valid waiver of the right to appeal forecloses his contention challenging County Court's summary denial of that part of his motion seeking to suppress tangible evidence (see People v Edmonds, 229 AD3d 1275, 1278 [4th Dept 2024], lv denied 43 NY3d 930 [2025]; People v Giles, 219 AD3d 1706, 1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]; see also People v Anderson, 63 AD3d 1191, 1193 [3d Dept 2009], lv denied 13 NY3d 794 [2009]). Defendant's contention that defense counsel was ineffective does not survive his plea or the valid waiver of the right to appeal inasmuch as defendant did not assert that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (People v Babagana, 176 AD3d 1627, 1627 [4th Dept 2019], lv denied 34 NY3d 1075 [2019] [internal quotation marks omitted]; cf. People v Williams, 228 AD3d 1316, 1316-1317 [4th Dept 2024], lv denied 42 NY3d 972 [2024], reconsideration denied 42 NY3d 1055 [2024]; People v Wood, 217 AD3d 1407, 1409 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court