People v Richards (2025 NY Slip Op 03453)

People v Richards

2025 NY Slip Op 03453

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

361 KA 24-00344

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANKLIN RICHARDS, DEFENDANT-APPELLANT. 

NICHOLAS T. TEXIDO, BUFFALO, FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered May 8, 2023. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). Defendant contends that County Court erred in denying his motion to unseal the transcript of the in camera testimony of a confidential informant taken in support of an otherwise disclosed search warrant application. Even assuming, arguendo, that defendant's contention falls within the parties' agreed-upon exception for discovery issues to defendant's otherwise valid waiver of appeal (see People v Malcolm, 231 AD3d 1503, 1504 [4th Dept 2024], lv denied 43 NY3d 931 [2025]), such contention is without merit to the extent that it is reviewable on this record (see generally People v Darden, 34 NY2d 177, 180-182 [1974], rearg denied 34 NY2d 995 [1974]). Further, defendant's related contention that the existing in camera procedure for reviewing search warrants issued on the information of confidential informants constitutes "a suppression procedure conducted without [a defendant's] participation [that] violates [the] constitutional right to due process of law and the effective assistance of counsel" has already been considered and rejected by the Court of Appeals (People v Castillo, 80 NY2d 578, 580 [1992], cert denied 507 US 1033 [1993]).
Defendant's further contention that he was denied effective assistance of counsel survives his plea and valid waiver of the right to appeal only insofar as defendant "contends that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance" (People v Molski, 179 AD3d 1540, 1540-1541 [4th Dept 2020], lv denied 35 NY3d 972 [2020] [internal quotation marks omitted]; see People v Wood, 217 AD3d 1407, 1409 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]). To the extent that defendant contends that defense counsel misadvised defendant to take the pre-indictment plea offer in lieu of pursuing a suppression motion, such contention involves matters outside the record on appeal and must be raised in a motion pursuant to CPL 440.10 (see People v Dunn, 229 AD3d 1220, 1223 [4th Dept 2024]).
We reject defendant's further contention that, in order to comply with their discovery obligations under CPL 245.20 (1) and 245.25 (1), the People were obligated to move to unseal the transcript of the in camera testimony of the confidential informant taken in support of the search warrant application (see CPL 245.20 [1] [n]; [2]). Although the People have a statutory obligation to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL 245.20 (1)] and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control" (CPL 245.20 [2]), the statutory language also makes clear that due diligence [*2]does not require the People to "obtain by subpoena duces tecum material or information which the defendant may thereby obtain" (id.). It therefore follows that the People are not obligated to move to unseal in camera testimony where, as here, that avenue is equally available to defendant.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court