People v Thomas (2025 NY Slip Op 06486)

People v Thomas

2025 NY Slip Op 06486

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

848 KA 24-00491

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BLAIR K. THOMAS, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered September 12, 2023. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Brinson, 240 AD3d 1376, 1377 [4th Dept 2025]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). County Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see NY Model Colloquies, Waiver of Right to Appeal; see generally Thomas, 34 NY3d at 567; People v Hoose, 236 AD3d 1294, 1295 [4th Dept 2025], lv denied 44 NY3d 993 [2025]). Defendant's contention that the oral colloquy and written waiver were defective because they did not explain that the list of rights that survive the waiver was not exhaustive is without merit inasmuch as "no particular litany regarding the claims that survive or do not survive a waiver of the right to appeal is required for the waiver to be valid" (People v Alfonso, 237 AD3d 1572, 1573 [4th Dept 2025], lv denied 43 NY3d 1053 [2025]; see People v Johnson, 14 NY3d 483, 486 [2010]; People v Wood, 217 AD3d 1407, 1408 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]). We reject defendant's further contentions that the waiver of the right to appeal was unknowing and involuntary because the court's inquiry required only confirmatory responses by defendant (see Hoose, 236 AD3d at 1295; People v Burch, 234 AD3d 1246, 1246-1247 [4th Dept 2025], lv denied 43 NY3d 1006 [2025]; People v Brown, 41 AD3d 1234, 1234 [4th Dept 2007], lv denied 9 NY3d 873 [2007]) and that the waiver was unknowing and involuntary because he did not receive any consideration in exchange for the waiver (see People v Allen, 174 AD3d 1456, 1456 [4th Dept 2019], lv denied 34 NY3d 978 [2019]).
Defendant's valid waiver of the right to appeal encompasses his challenges to the court's denial of his motion to dismiss the superseding indictment on statutory speedy trial grounds (see Brinson, 240 AD3d at 1377-1378; People v Kelly, 231 AD3d 1515, 1516 [4th Dept 2024], lv denied 43 NY3d 931 [2025]) and the court's suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]). In addition, defendant's further contention that his plea was not voluntarily entered because he provided only monosyllabic confirmatory responses to the court's questions is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by the valid waiver of the right to appeal (see People v Johnson, 229 AD3d 1300, 1301 [4th Dept 2024], lv denied 42 NY3d 1020 [2024]).
Finally, defendant's challenge to the severity of the sentence is encompassed by the valid [*2]waiver of the right to appeal (see Lopez, 6 NY3d at 255-256).
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court